# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **MONTE ALBERT,** *Plaintiff* | § § § |
| v. | § §    No. 1:25-CV-01497-ADA-DH |
| **UNITED STATE DEPARTMENT OF THE ARMY, ET AL.,** *Defendants* | § § § § |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Monte Albert's application to proceed *in forma pauperis*. Dkt. 2. Because Albert is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

### I. REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Albert's financial affidavit and determined he is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Albert's request for *in forma pauperis* status, Dkt. 2. The

1

Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Albert is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Albert's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II. REVIEW OF THE MERITS OF THE CLAIM

Because Albert has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review his complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Albert, who identifies himself as a "gay man of Pakistani origin who faced extraordinary barriers in finding a life partner," filed this lawsuit to attack the *Feres* doctrine, "which bars tort suits against the United States by or on behalf of service members whose injuries arise out of activity incident to their military service." Dkt. 1, at 1 ("This case seeks to challenge the constitutionality of the Feres Doctrine."); *Regan v. Starcraft Marine, LLC*, 524 F.3d 627, 630 (5th Cir. 2008) (citing *Feres v. United States*, 340 U.S. 135, 146 (1950)). Albert complains that "U.S. Army recruiters engaged in coercive and deceptive tactics to enlist [his] spouse" in the military which "devalued and erased this immense struggle" for Albert "in finding a life partner," presumably because his husband now serves in the military. Dkt. 1, at 2. While Albert seeks to have the *Feres* doctrine declared unconstitutional, he simultaneously alleges that it is "inapplicable" here since the "acts occurred before enlistment was finalized and were not incident to service." *Id.*

3

Given that Albert has not brought any tort claims against Defendants and does not allege any injuries to his husband arising from military service, the undersigned finds that Albert's "as applied" challenges to the *Feres* doctrine under the First and Fifth Amendments are without merit. *Id.* at 4. In addition, Albert has failed to state a claim under the Trafficking Victims Protection Act because Defendants' alleged conduct in recruiting Albert's spouse to join the military does not include the "detention of a person for labor services through the use of force, fraud or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage or slavery." *See* Dkt. 1; 22 U.S.C. § 7102(11); *Lofthus v. Long Beach Veterans Hosp.*, 214 F. Supp. 3d 908, 916 (C.D. Cal. 2016) (dismissing claim brought under section 7102 where "Plaintiff fails to allege any facts indicating sex trafficking or detention of a person for labor services through the use of force, fraud or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage or slavery"). Albert has thus failed to state any claims for relief. 28 U.S.C. § 1915(e)(2)(B)(ii); *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007) (noting that Federal Rule of Civil Procedure 8 requires a pleading to contain more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement"). The undersigned recommends that the District Judge dismiss Albert's complaint.

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Albert's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** that the District Judge

**DISMISS** Albert's causes of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY AS MOOT** Albert's other pending motions.

## IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 9, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE